# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No:   6:23-cv-2118-RBD-LHP

SIEMENS GOVERNMENT
TECHNOLOGIES, INC., FEDERAL
INSURANCE COMPANY, FIDELITY
AND DEPOSIT COMPANY OF
MARYLAND and SIEMENS
ENERGY, INC.,

    Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:    DEFENDANTS SIEMENS GOVERNMENT TECHNOLOGIES, INC., FEDERAL INSURANCE COMPANY, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, AND SIEMENS ENERGY, INC.'S MOTION TO COMPEL (Doc. No. 82)**
>
> **FILED:      May 22, 2025**
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Discovery in this case closes on July 2, 2025. Doc. No. 79; *see also* Doc. No. 72. By the present motion, Defendants seek to compel RQ Construction LLC ("RQ") to produce all documents responsive to Defendants' Request for Production of Documents, served on RQ on September 25, 2024. Doc. No. 82; *see also id.*, at 8-20. According to the motion, the parties stipulated and agreed to a Production Protocol "to define production requirements such as scope and format, including but not limited to timing and the minimum metadata to accompany electronically stored documents." *Id.*, at 2. Between February and May 2025, RQ's counsel continuously represented that production would be forthcoming, but as of the date of the present motion, has only produced 1,318 documents, which Defendants state cannot possibly represent all of the responsive documentation to be produced, and which omits the necessary metadata. *Id.*, at 2-3. As such, Defendants request an order compelling RQ to "produce the subset of genuinely responsive documents in the next seven days, in compliance with the agreed-upon ESI Protocol." *Id.*, at 4.

RQ did not timely respond to Defendants' motion. *See* Doc. No. 73, ¶ 5. However, given the complex nature of this case and the voluminous discovery at issue, the Court took the unusual step of affording RQ an additional period of time to respond until 5:00 pm on Friday, May 30, 2025. Doc. No. 83. The Court explicitly stated that "[f]ailure to respond by this deadline will result in the motion being deemed unopposed in all respects." *Id.* But RQ also missed that deadline,

filing its response at 5:45 pm, without explanation or request for additional time. Doc. No. 84. The response also exceeds the 500-word limit. *See* Doc. No. 73, ¶ 2. As such, the motion is deemed unopposed in all respects. *See id.*, ¶ 5. *See also Weaver v. Green Sols. of Fla. LLC*, No. 6:23-cv-2059-CEM-LHP, 2024 WL 4275221, at *1 (M.D. Fla. Sept. 24, 2024) (granting motion to compel as unopposed when opposing party failed to file a timely response in accordance with Standing Discovery Order).

But even if the Court were to consider RQ's deficient response, the result would be the same. For RQ does not raise any objections to Defendants' discovery; rather, RQ merely states that it is in the process of making its production, that it chose to "standdown" on further litigation including discovery production during mediation proceedings, and that RQ estimates that its production will be provided to Defendants no later than June 6, 2025. Doc. No. 84. These explanations are unpersuasive. Specifically, RQ provides no legal authority for its position that a mediator "recommending" that the parties "standdown" on further litigation is a sufficient basis for not litigating or participating in discovery. To the contrary, this is a litigation strategy that does not provide good cause for extending deadlines. *See, e.g., Sterbenz v. Anderson*, No. 8:11-cv-1159-T-33TBM, 2012 WL 12904218, at *2 (M.D. Fla. Mar. 13, 2012) ("While the Court is not unmindful of the parties' decision to pursue settlements that, if successful, will obviate the need to designate experts .

. ., the pursuit of settlement—alone—is generally not good cause to justify the extension of deadlines in a Rule 16(b) scheduling order because it does not show that such deadlines cannot be met despite the diligence of the parties." (quoting *Oliver v. M/V Barbary Coast*, No. 11–223–KD–C, 2012 WL 642342, *1 (S.D. Ala. Feb. 28, 2012))).  And given RQ's failure to respond to Defendants' motion in the first place, followed by its deficient response, the Court places little faith in RQ's representations that the motion to compel is now moot based on future performance.

Accordingly, Defendants' Motion to Compel (Doc. No. 82) is **GRANTED**. On or before **June 6, 2025**, RQ shall produce all documents responsive to Defendants' Request for Production of Documents.  Doc. No. 82, at 8-20.[1]  **Failure to comply with this Order may result in the imposition of sanctions.**  *See* **Fed. R. Civ. P. 37(b).**

**DONE** and **ORDERED** in Orlando, Florida on June 2, 2025.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants do not seek an award of fees or costs or any other sanction at this time, and therefore the Court declines to award same.  *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

Copies furnished to:

Counsel of Record
Unrepresented Parties